In The United States District Court
Northern District of Illinois

Eric Ware,
    Plaintiff

v.

Terry L. McCann,
C/O Bedwell,
Lieutenant McKosky,
Wexford Heath Resources, Inc.,
Nurse Heather, and
Illinois Department of Corrections,
    Defendants

RECEIVED
MAY 14 2008
MAY 14 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08CV2788
JUDGE ST EVE
MAG. JUDGE SCHENKIER

## Complaint

Plaintiff Eric Ware, pro-se, for his Complaint, states as follows:

### Parties

1. Plaintiff Eric Ware is a prisoner in the custody of the Illinois Department of Corrections and currently resides at the Dixon Correctional Center in Dixon, Il. At all times relevant to this action, he resided at the Stateville Correctional Center.

2. Defendant Terry L. McCann is the Warden at the Stateville Correctional Center. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

3. Defendant Bedwell is a correctional officer at the Stateville Correctional Center. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

(1)

4. Defendant McKosky is a Lieutenant at the Stateville Correctional Center. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

5. Defendant Wexford Health Resources is a Florida Corporation having a principle place of business at Foster Plaza 2, 425 Holiday Drive, Pittsburgh, PA 15220. At all times relevant, Wexford was the provider of offender health services at the Stateville Correctional Center.

6. Defendant Heather is a Nurse who works in the Northern Reception Center at the Stateville Correctional Center. She is being sued in her individual capacity for damages and in her official capacity for injunctive relief.

7. Defendant Illinois Department of Corrections facilitates offenders in the State of Illinois. Its being sued in its official capacity for damages and injunctive relief.

## Jurisdiction and Venue

8. This action arises under 42 U.S.C. 1983 to redress the deprivation under color of state law of rights, privileges and immunities secured by the Constitution of the United States. The rights sought to be redressed are guaranteed by the First, Eighth and Fourteenth Amendments to the United States Constitution. The Court has federal Question jurisdiction over this controversy under 28 U.S.C. 1331, 1343, and 1367.

## Statement of facts

9. The plaintiff has been temporarily transferred to the Stateville Correctional Center because he is scheduled to appear in court in Cook County.

10. The plaintiff has previously filed a 1983 suit against, Defendants Wexford and McCann.

11. The plaintiff arrived at Stateville on 4/30/08 and was Housed in (NRC) in cell M-201. The plaintiff suffers from hypertension, stomach ulcers, sinus conditions and skin disorders.

12. The plaintiff participated in a settlement Conference before Honorable Magistrate Judge Sydney I. Shienker, and others.

(2)

13. The Defendants, Wexford and McCann promised that if plaintiff was returned to Stateville on a Court writ, he would not be retaliated against and receive his medication.

14. Upon plaintiff's arrival at Stateville, his blood pressure was taken and his pressure was 141/92 which is quite to high. On the same day, April 30, 2008, the plaintiff requested from the nurse who took his pressure for medication and he was told by the female nurse that he would receive his medication about a week later.

15. The plaintiff did not receive any medication including an asthma inhaler until May 5, 2008. He only received a water pill, vasotec, zantac, and an astha pump. The plaintiff did not receive his most important medications for his hypertension which is called Clonadine, nor did plaintiff receive his medication for his sinuses or doxicycline for his severe skin disorders.

16. The plaintiff suffers from severe headaches due to high blood pressure/hypertension, chest pains, shoulder pains, dizziness, blurred vision and mental discontent, and nose bleeds.

17. Defendant McCann and Wexford knew that the plaintiff suffered from asthma, hypertension, ulcers, and skin disorders but did nothing to assist plaintiff with obtaining his medications even after long hours in a Settlement Conference on March 18, 2008.

18. C/O Bedwell works on the 3 to 11 Shift in the Northern Reception Center - (NRC). Upon Plaintiff's arrival back from Court in Cook County on May 8th, 2008, the plaintiff was very sick, his head was hurting due to his pressure which was high. Plaintiff told C/O Bedwell that he needed medication for his hypertension and he stated that he did not give a fuck, and to get back in line. The plaintiff continued to complain about medical assistance and was placed in a holding cell in the Segregation unit. The Defendant Bedwell told the Plaintiff that if he complained again he would be placed in segregation.

19. Five minutes later, C/O Bedwell openned the holding cell and told Plaintiff to put his hands behind his back, and told Plaintiff to turn so his back would be facing him. He then grabbed Plaintiff by the back of his neck and walked him out in a very very agressive manner.

(3)

<span/>

20. Defendant went and took McKosky was standing there the entire time. As the plaintiff was being walked, he told Mr. McKosky that he was very sick and needed medical attention for his high blood pressure and that he had not had it in a week. He stated that ( Don't be a pussy - You'll be alright), and as plaintiff was walking, he collapsed dropping his legal books that he carried from court in the hallway. A bystander, a female sergeant named McKinney, asked C/O Bedwell why the plaintiff had fell like he did, and C/O Bedwell stated because he has a big mouth, and that plaintiff was alright.

21. The plaintiff told the sergeant that he needed medical care, and Defendant McKosky told her that the plaintiff was alright and did not need her assistance.

22. Defendant Heather was on 2 Gallery on May 9, 2008, distributing medication. The plaintiff requested for her to come to his cell window, she came about 20 feet from his cell and said what the fuck do you want. The plaintiff stated that he had not had his clonadine in over a week for his hypertension and that he was suffering severe headaches and chestpains, she stated that that was not an emergency and that the plaintiff wasn't getting shit, and Defendant nurse Heather did the exact same thing to plaintiff in 2006, November, and plaintiff did not sue her then because officials would not give plaintiff her name.

23. The Illinois Department of Corrections has denied the plaintiff adequate medical care, by denying him his medication and other medical aids.

24. Defendant McCann has allowed the plaintiff to be housed in a cell without cleaning supplies, and his cell is filthy with dust, his matress has urine stains all over it and smells. He is not allowed a pillow, his toliet flushes every 10 minutes leaving the smell of feces. He has deprived the plaintiff of using the law library, and does not allow grievances to be held where inmates are housed. The plaintiff is only allowed a half of a roll of toliet paper a week, one hotel size bar of soap a week, and no deoderant, and no means to wash clothes.

(4)

25. Defendant has housed Plaintiff as if he was in disciplinary segregation and the Plaintiff has not received a disciplinary report or a ticket. Plaintiff is only allowed the things that a Segregated inmate receives.

26. The Plaintiff spoke with officer J. Fisher, a Female officer who works on the 3 to 11 Shift. Plaintiff requested for medical attention from her on 5/4/08, and she personally summoned medical staff, but the medical staff stated that she had no control over how the medication was dispensed and that it was between Plaintiff and Defendant Wexford in those regards. The Plaintiff also requested grievances from Ms. Fisher and other officers and they all stated that there weren't any in the building.

27. The Plaintiff is scheduled to stay at Stateville until his next court date in Cook County, which is June 19, 2008. The plaintiff has personally wrote the Defendant McCann a letter requesting for medical care, a clean cell, law library, and not to be housed as if he was in disciplinary segregation, and that his cell was improperly ventilated and he is an asthmatic.

28. The Plaintiff has several court deadlines and will not be able to meet them without an adequate law library. Defendant McCann allows plaintiff to be fed unwholesome food which severly cramps his Stomach, Plaintiff is fed 60% Soybean every day and Plaintiff has an ulcer, which makes his Stomach bleed more because Soybean is very hard to digest, and the food is innutritious.

29. McCann has deprived Plaintiff of all religious services and the Plaintiff is a Muslim, and the Plaintiff is not allowed to congrete with other Muslims at Muslim Service. The Plaintiff is also deprived of ordering food Commissary items as other General Population inmates and the Plaintiff is not in segregation, only inmates in segregation are suppose to be deprived of ordering food Commissary items. Mr. McCann will not allow the Plaintiff writing paper or reasonable phone calls to his attorneys or allow him envelopes in order to mail out legal mail.

(5)

30. McCann allows the plaintiff to be handcuffed on special restraints and Shackles, on Court writs, which is very painful to plaintiffs arms and legs.

31. The Plaintiff takes a waterpill which makes him constantly have to use the restroom by urinating which is a pill for his bloodpressure. McCann has mandated that the Plaintiff not be permitted to use a restroom while on Court writs or after his restraints are on.

## Causes of Action

32. Plaintiff incorporates paragraphs 1-32 as if set forth in full.

33. By consciously disregarding Plaintiff's serious health needs and subjecting him to grossly and inhumane and dangerous Conditions of Confinement as described herein, Defendants have acted, and will Continue to act, with deliberate indifference to Plaintiff's serious health and safety needs, and have violated and will Continue to violate, Plaintiff's rights under the 1st, 8th, and 14th Amendments of the United States Constitution and 42 USC 1983.

34. By placing and retaining plaintiff where Conditions of Confinement impose on plaintiff atypical and significant hardships in relation to the ordinary incidents of prison life, without affording Plaintiff minimal notice, opportunity to be heard, and other basic procedural safeguards, Defendants have denied, and will Continue to deny, Plaintiff due process, in violation of his rights under the 1st, 8th, and 14th Amendments of the United States Constitution and 42 USC 1983.

35. By refusing to provide Plaintiff with an asthma inhaler, an adequately ventilated cell, and medication, Defendants have violated, and will Continue to violate, Plaintiff's rights under Title 2 of the Americans with Disabilities Act.

## Relief Requested

Therefore, Plaintiff Eric Ware prays for judgment and relief including:

(6)

(A) Judgment that Defendants have violated, and will continue to violate, Plaintiff's rights under the 1st, 8th and 14th Amendments of the United States Constitution, 42 USC 1983 and Title 2 of the American with Disabilities Act.

(B) A preliminary and permanent injunction directing the Defendants to provide Plaintiff with legally-required conditions and services, including prompt access to medication and medical care, an adequately clean cell, adequate meals, prompt access to requested grievance forms, and access to an adequate law library.

(C) Damages in the amount of $500,000 from each defendant; and punitive damages in the amount of $500,000 against each defendant.

(D) Such other relief as this Court deem just and proper.

### Jury Demand

Plaintiff demands trial by Jury on all issues so triable.

Respectfully Submitted
Eric Ware R32516
Eric Ware
Stateville Corr. Ctr.
P.O. Box 112
Joliet, IL 60434

Under the penalties of perjury, 28 USC 1746, everything is true and correct to the best of my knowledge;
Eric Ware
5/9/08

(7)