FILED
MAY 27 2008
5-27-2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ERIC WARE (R-32516),

    V.    PLAINTIFF

TERRY L. McCann et-al,

    DEFENDANTS

No. 08 C 2788

HON. AMY J. ST. EVE:
JUDGE PRESIDING

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

The Plaintiff Eric Ware currently resides at the Dixon Correctional Center. He is scheduled to return to the Stateville Correctional Center for a court writ to the Cook County Circuit Court of Illinois. This suit arises from deplorable conditions which occurred at the Stateville Correctional Center during the month of April 30, 2008 until May 14, 2008. The Plaintiff previously filed a suit against Defendant, McCann, and Wexford, inter alia, claiming unconstitutional living conditions including a lack of medical attention. The Plaintiff settled on the said case, but the settlement was breached by the Defendants when they again refused allow Plaintiff adequate medical care and services. The Defendants, McCann and Wexford, who are also named Defendants in this cause have again subjected Plaintiff to cruel and unusual punishments and will do it again. The Plaintiff will be transferred back to Stateville on or about June 11, 2008 and his court date is on June 19, 2008.

### APPLICABLE LAW FOR PRELIMINARY INJUNCTION

The standard for obtaining a preliminary injunction is settled; the movant must show that: (1) a reasonable likelihood that he will prevail on the merits, (2) no adequate remedy exists, (3) he will suffer irreparable harm without the injunction and,...

..¶

(1)

¶ the irreparable harm to the Plaintiff outweighs any irreparable harm the Defendant will suffer if the court grants the injunction and (4) the injunction will not harm the public interest. GOODMAN V. ILL. DEPT. OF FINANCIAL AND PROFESSIONAL RE-GULATION, 430 F.3d 437 (7th Cir. 2005). Here without the requested injunctive relief Plaintiff will likely suffer irreparable harm for which no adequate remedy exists. The Plaintiff has been transported repeatedly to Stateville since 2006 on court writs.

The Plaintiff has severely suffered from inadequate medical attention and gashy living conditions in his cells. The Defendants in this case, McCann and Wexford Health Resources knew that Plaintiff was scheduled to return to Stateville on April 30, 2008 or about, because it was previously discussed in a settlement hearing on March 18, 2008. The Plaintiff requests this Honorable Court to take Judicial notice of the Previous case of Eric Ware V. Terry McCann et-al, 06-6455.

The Defendants made no efforts to secure Plaintiff's safety on his writ return and will probably have him unsecured again on his next court writ to Stateville. A determination whether prison conditions constitute cruel and unusual punishments turns on the totality of the conditions of confinement, DeMALLORY V. CULLEN, 855 F.2d 442 (7th Cir. 1988). A Plaintiff's Eighth Amendments rights are violated where Defendants know of Danger or where the threat of violence is so substantial or pervasive that their knowledge could be inferred and yet Defendants fail to enforce a policy or take other reasonable steps which may have prevented the harm, GOKA V. BOBBIT, 862 F.2d 646 (7th cir. 1988). The Defendants took no additional steps to ensure that Plaintiff would have adequate medical attention, a clean cell, and not to be retaliated by officials.

The Plaintiff suffered again in April and May 2008 from nose bleeds because his blood pressure was so high and officials refused to allow him any medication for his hypertension. The Plaintiff suffered from severe chestpains, and headaches. The Plaintiff was in cell 201 on M wing and his cell was filthy, dust was all over the cell and he was only allowed one time to clean his cell before he departed. He was afforded a half a roll of toliet tissue a week, he had to split a roll with his cell-mate.

He was only allowed one hotel size bar of soap a week, and the grievances were hidden from all inmates and Plaintiff was not entitled to file an emergency grievance, and the counselor stated that grievances were to be issued weekly which is adverse to the rules of the 20 Illinois Administrative Code, § 504. The Plaintiff requests for a same day court writ from the Dixon Correctional Center to the Stateville Correctional Center on June 11, 2008 or about. The Plaintiff will be subjected to continued medical deliberate indifference, access to the courts violations, Religious Discrimination, deplorable cell conditions, and other due process violations.

Its obvious that the Defendants have procured an objection to state and Federal laws of the United States and will continue to do so if this injunction is not issued. If this Honorable Court does not compel Defendants to have Plaintiff tranferred on a same day writ, the Plaintiff requests that this Honorable Court will enforce an order compelling the Defendants to guarantee Plaintiff adequate medical attention, access to a law library, a clean cell and cleaning supplies, access to grievances, and religious services.

(3)

## CONCLUSION

Accordinly, Plaintiff Eric Ware respectfully requests that this Court enjoin the Defendants from depriving him from adequate medical care for his heart condition, and other physical illnesses, access to an adequate law library, Religious Services, adequate meals, and clean living conditions, and issue the injunction with or without notice to Defendants.

RESPECTFULLY SUBMITTED:

*Eric Ware*

ERIC WARE R-32516
DIXON Corr. Ctr.
2600 N. Brinton Ave.
DIXON, IL. 61021
5/22/08

(4)

```
STATE OF ILLINOIS)            WARE V. WALKER et-al
                 )
COUNTY OF LEE    )            08 C 2788
```

### AFFIDAVIT

I, Eric Ware, being first duly sworn upon oath deposes and states:

1. I attest that everything in my complaint and Motion for Preliminary Injunction is true and correct to the best of my understanding and knowledge.

2. All attached documents are authentic.

3. I am indigent and cannot pay the cost to proceed in this action.

FURTHER THE AFFIANT SAYETH NOT

UNDER THE PENALTIES OF PERJURY,
28 USC 1746, EVERYTHING IS TRUE
AND CORRECT TO THE BEST OF MY
UNDERSTANDING AND ABILITY:

_____
          5/22/08