# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2788 | **DATE** | 6/24/2008 |
| **CASE TITLE** | Ware vs. McCann et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for reconsideration [12] and motion for leave to proceed *in forma pauperis* [10] are granted. Plaintiff is granted leave to file his amended complaint [6]. The initial partial filing fee is waived. The Court orders the trust fund officer at Plaintiff's current place of incarceration to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk shall issue summonses and send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for a preliminary injunction [7], motion to supplement complaint [8], motion for habeas corpus ad testificandum [ 9], and motion for appointment of counsel [11] are denied. Status hearing set for 8/7/08 at 8:30 a.m.

■[ For further details see text below.]      Docketing to mail notices.

## STATEMENT

### BACKGROUND

     On May 21, 2008, the Court directed Plaintiff to pay the $350 filing fee within 30 days because at least three of Plaintiff's previous actions had been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Ware v. Bank One*, No. 07 C 3964, dismissed by Minute Order of July 25, 2007 (Kocoras, J.); *Ware v. Chicago Police Dept.*, No. 07 C 6645, dismissed by Minute Order of March 5, 2008 (Holderman, J.) (assessing two "strikes" in one case pursuant to *George v. Smith*, 507 F.3d 605, 607-08 (7th Cir. 2007)).

     Plaintiff has filed a motion for reconsideration, among other motions, claiming that he is in imminent danger of serious physical injury and therefore should be allowed to proceed *in forma pauperis*. In his complaint, which Plaintiff filed while he was incarcerated at Dixon Correctional Center, he claimed that he arrived at Stateville Correctional Center on April 30, 2008, and suffers from hypertension, stomach ulcers, sinus conditions, and skin disorders. At a settlement conference in another matter, Defendants McCann and Wexford Health Resources agreed that when Plaintiff was at Stateville on a writ, he would receive his medications. Plaintiff, however, did not receive any medications until May 5, 2008, and those were incomplete. When Plaintiff returned from court on May 8, he was ill, yet Defendant Bedwell refused to take him for medical care and told him that if he complained, he would be sent to segregation. He alleges that Defendant Heather refused to give him his clonadine for his hypertension on May 9, 2008. Moreover, Plaintiff claims that he is housed in unsanitary conditions while at Stateville, the law library is inadequate, and he is deprived of religious services. He was transferred from Stateville to Dixon on May 14, 2008. Plaintiff is scheduled to be transferred back to Stateville on June 11, 2008, for a court date on June 19, 2008. He claims he may again be subjected to deprivation of his medications.

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## ANALYSIS

I.   **In Forma Pauperis Request**

First, Plaintiff has filed a motion for reconsideration claiming that he is in imminent danger of serious physical injury, and therefore, should be allowed to proceed *in forma pauperis* despite the three strikes he has already accumulated. *See* 28 U.S.C. § 1915(g). As the Seventh Circuit instructs:

> In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003).

*Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The *Ciarpaglini* decision further states:

> Courts also deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous. *See, e.g., Heimermann v. Litscher*, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection 2 years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger).

*Id.* at 330-31.

In the instant case, Plaintiff claims that each time he is transferred to Stateville Correctional Center on a court writ, he is denied his medications and subjected to other constitutional deprivations. Such a claim is akin to a continuing violation. *See Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) (series of wrongful acts creates series of claims for limitations purposes). The Court accordingly will grant Plaintiff's motion for reconsideration and allow him to proceed *in forma pauperis* on his amended complaint, which he submitted when he filed his motion for reconsideration.

According to the statement submitted with his *in forma pauperis* application, Plaintiff owes the institution $353.02 and has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of

service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

## II. Motion for Preliminary Injunction

Plaintiff has also filed a motion for a preliminary injunction alleging that when he is transferred to Stateville in June 2008, he will be exposed to the same conditions as he was during the period of April 30 through May 14, 2008. A party seeking a preliminary injunction must demonstrate: (1) the likelihood of success on the merits; (2) no adequate remedy at law; (3) irreparable harm if the injunction is not granted; (4) the irreparable harm the moving party will suffer outweighs the harm the non-moving party will suffer; and (5) the preliminary injunction will not harm the public interest. *See St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007).

Under the last factor, when an inmate seeks injunctive relief against prison officials and administrators, the public interest in the safe and orderly management of prisons is substantial. *See Buck v. Briley,* No. 01 C 1153, 2001 WL 619523, at *2 (N.D. Ill. May 23, 2001); *cf. Westefer v. Snyder,* 422 F.3d 570, 588 (7th Cir. 2005) (citation omitted). Although federal courts must recognize prisoners' valid constitutional claims, courts must give deference to prison officials in the management of correctional facilities. *See Buck,* 2001 WL 619523, at *2 (citing *Turner v. Safley,* 482 U.S. 78, 84-85, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)). Because of the public interests at stake, the Court denies Plaintiff's request for a preliminary injunction. *See Sherman v. Lane,* No. 92 C 2192, 1998 WL 111649, at *10 (N.D. Ill. Mar. 9, 1998) (citing *Godinez v. Lane,* 733 F.2d 1250, 1261-62 (7th Cir. 1984)). Whether Defendants have violated Plaintiff's constitutional rights will be resolved during the course of this litigation.

## III. Motion to Supplement Complaint and Writ of Habeas Corpus ad Testificandum

The Court denies Plaintiff's motion to supplement the complaint as unnecessary. The information in this motion should be provided to the U.S. Marshal when Plaintiff receives the USM-285 forms from the Marshal. Also, the Court denies Plaintiff's motion for a writ of habeas corpus ad testificandum. The Court has discretion to determine when an inmate shall attend court proceedings held in connection with an action initiated by the inmate. *See Jones v. Hamelman,* 869 F.2d 1023, 1029-30 (7th Cir. 1989); *Stone v. Morris,* 546 F.2d 730, 735 (7th Cir. 1976). Plaintiff's presence in court is not necessary at this time.

## IV. Appointment of Counsel

Finally, Plaintiff moves for appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean,* 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Gil*, 381 F.3d at 656.

After considering these factors, the Court concludes that appointment of counsel is not warranted. Although Plaintiff has alleged that he has made reasonable efforts to retain private counsel, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. Also, Plaintiff's pleadings before this Court demonstrate his competence to proceed with the case. *See Pruitt v. Mote,* 503 F.3d 647, 654-56 (7th Cir. 2007); *Gil*, 381 F.3d at 656. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.