MHN

RECEIVED

MAY 27 2008 aew
MAY 27 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

ERIC WARE R-32516, )
 )
 V.    PLAINTIFF ) No. 08 C 2788
 )
ROGER E. WALKER JR., ) HON. AMY J. ST. EVE.
TERRY L. McCANN, ) JUDGE PRESIDING
C/O BEDWELL, )
LIEUTENANT McCOSKY, )
WEXFORD HEALTH RESOURCES, and )
NURSE HEATHER, )
 )
    DEFENDANTS )

## AMENDED COMPLAINT

Plaintiff Eric Ware, for his Amended Complaint, states as follows:

### PARTIES

1. The Plaintiff is an inmate under the custody of the Illinois Department of Corrections. He currently resides at the Dixon Correctional Center, in Dixon, Il. At all times relevant to this action he resided at the Stateville Correctional Center.

2. Defendant Roger E. Walker Jr. is the Director of the Illinois Department of Corrections. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

3. Defendant McCann is the Warden at the Stateville Correctional Center. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

4. Defendant C/O Bedwell is an officer at the Stateville Correctional Center. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

1.

5. Defendant McCosky is a lieutenant at the Stateville Correctional Center. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

6. Wexford Health Resources is a corporation incorporated under the laws of Pennsylvania with its principle place of business in Illinois.

7. Defendant Heather is a nurse works in the Northern Reception Center at the Stateville Correctional Center. She is being sued in her individual capacity for damages and in her official capacity for injunctive releif.

## JURISDICTION AND VENUE

8. This action arises under 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights, privileges and immunities secured by the constitution of the United States. The rights sought to be redressed are guaranteed by the First, Eighth, and Fourteenth Amendments to the United States Constitution. The court has Federal Question Jurisdiction over this controversy under 28 U.S.C. §§§§ 1331, 1343, 1367, and 1332.

9. Venue is proper in the Norther District of Illinois under 28 U.S.C. 1391. The acts complained of occurred there, Plaintiff was incarcerated there at the time of the acts complained of, and all Defendants work and /or conduct business there.

## STATEMENT OF FACTS

10. The Plaintiff has appeared on several court writs to Cook County for court purposes. During these writs, the Plaintiff is compelled to reside at the Stateville Correctional Center, these writs have continued from 2006 to May 2008.

(2)

11. The Plaintiff filed a law suit against Defendants, McCann, Walker, Wexford, and others. The Plaintiff filed suit against the said Defendants because they allowed him to suffer from inadequate medical care, inadequate legal services, Religious Discrimination, deplorable cell conditions, and retaliation from staff at Stateville.

12. The Plaintiff settled with the Defendants in that cause of action, ERIC WARE V. McCANN et-al 06 C- 6455, and a portion of the settlement agreement that was held before the Honorable Magistrate Judge, Schenkier, was breached by the Defendants and Plaintiff was made to suffer from inadequate medical attention, retaliation by officials, deplorable cell conditions, none access to the courts, and religious discrimination, which was agreed that Plaintiff would not again suffer from.

13. The Plaintiff returned to Stateville on April 30, 2008 in order to make a court appearance at the Cook County Circuit Court of Illinois. Upon arrival, the Plaintiff's blood pressure was taken by a nurse. His blood pressure was 141/92. The Plaintiff then requested for medication in order to lower his pressure but was denied and told that he would probably receive his medication a week later from that date, and that she was not responsible and that Plaintiff's problem was with the Defendant, Wexford.

14. The Defendants, McCann, Walker, and Wexford, had first hand knowledge that the Plaintiff was scheduled to return to Stateville on a court writ but did nothing in order to insure him of adequate medication for his heart.

15. The Defendant McCann has again refused to allow Plaintiff adequate medical attention, cleaning supplies for his cell, access to a law library, religious services, grievances, and protection from his staff's retaliation against the Plaintiff.

(3)

16. The Plaintiff spoke with officer Fisher, a female guard at Stateville in regards to obtaining adequate medical attention and cleaning supplies for his cell. Ms. Fisher personally called health care and told staff that the Plaintiff had not received his complete heart medication on May 4, 2008 or about. A nurse appeared at Plaintiff's cell and told Plaintiff that his medication was not in yet.

17. The Plaintiff also requested for grievances from Ms. Fisher and other officers and they all stated that there wasn't any in the entire building. The Plaintiff received a portion of his medication on May 5, 2008. He received, Vasotec, a waterpill, and Zantac for his ulcer.

18. The Plaintiff suffered from nose bleeds, headaches, and chestpains due to not receiving his heart medication. His stomack was in severe pain because he did not receive his medication for his ulcer until May 5, 2008 and he had arrived at Stateville on April 30, 2008. The Plaintiff never received his medication called clonadine for his hypertension, and continued to suffer chestpains, headaches, and nose bleeds.

19. His cell was filled with dust and dirt. He was compelled to split a roll of toliet paper once a week with his cellmate and he was afforded cleaning supplies only once during his stay. He was issued only one bar of soap, similar to soap that a guest would receive at a hotel. The Plaintiff was denied all access to a law library and has missed a court deadline in the United States Court of Appeals.

20. On May 8, 2008, the Plaintiff was returning from court. He requested for medical attention from Defendant Bedwell, which was denied by Bedwell, even after the Plaintiff requested for him to report his conditions of hypertension to medical staff. The Defendant Bedwell then threatened to put Plaintiff in segregation if he continued to complain about his medical conditions.

21. Defendant McCosky was asked by the Plaintiff for medical attention and he refused to assist Plaintiff with obtaining any. While Plaintiff was returning to his cell after he was placed in a segregation holding cell and being grasped by the neck by Defendant Bedwell, the Plaintiff fell on his face in front of Bedwell and McCosky and they still refused to allow Plaintiff any subsidy in obtaining medical care.

22. While in the hallway, a bystander, named Seargent McKinny, a female, asked Defendant Bedwell what was the matter with the Plaintiff because she saw Plaintiff fall and drop his books, and Bedwell replied that Plaintiff just had a big mouth, and Plaintiff told the seargent that he had hypertension and needed medical help, and Defendant McCosky told the seargent that Plaintiff did not need any help from her, and Plaintiff requested assistance from McCosky again and he replied, [DON'T BE SUCH A PUSSY] and walked Plaintiff to his cell.

23. Defendant Heather was on 2 gallery distributing medications to other inmates on the gallery. The Plaintiff asked her to come to his cell. She came within 20 feet of the cell and stated [WHAT THE FUCK DO YOU WANT], and the Plaintiff stated that he had hypertension and had not received his medication and that he was sick, she said that that was not an emergency and that Plaintiff wasn't getting "shit", and walked away.

24. The Defendant Wexford has lost three recent contracts over the years because their health care and employees have been deliberately indifferent to the health of inmates. A contract was lost between the states of, Wyoming, New Mexico, and Florida.

(5)

25. Wexford's contract with the Illinois Department of Corrections is Deliberately indifferent to the Plaintiff's health needs and does not supply enough medication to institutions across the State of Illinois, and Defendant Walker has relevant knowledge of this.

## CAUSES OF ACTION

26. Plaintiff incorporates paragraphs 1-25 as if set forth in full.

27. By consciously disregarding Plaintiff's access to the courts, adequate medical assistance and medication, retaliation from officials, breaching a previous settlement, and dangerous living conditions, Defendants have violated and will continue to violate Plaintiff's rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and Title 2 of the American with Disabilities Act.

## RELIEF REQUESTED

THEREFORE, Plaintiff Eric Ware, prays for judgment and relief including:

(A) Judgment that the Defendants have violated and will continue to violate Plaintiff's rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and Title 2 of the Americans with Disabilities Act.

(B) A preliminary and permanent injunction directing Defendants to provide Plaintiff with legally required access to medication and medical attention, clean living cell conditions, access to adequate law libraries, and for officials to stop retaliating against the Plaintiff, and access to grievances.

(C) Damages in the amount of $500,000 from each Defendant; and punitive damages from each Defendant in the amount of $500,000.

(D) That Defendant pay for the cost of the litigation and any other relief as this court deems proper and just.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED:

*Eric Ware*

ERIC WARE R-32516
DIXON CORR CTR.
2600 N. Brinton Ave.
DIXON, Il. 61021
5/22/08

(7)