MHN

**U.S. Department of Justice**
**United States Marshals Service**

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Eric Ware | 08C2788 |
| DEFENDANT | TYPE OF PROCESS |
| McCann, et al. | Amended S/C |

| SERVE ➤  AT | NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN |
|---|---|
| | Lt. McCosky, Stateville Correctional Center |
| | ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code) |
| | S.C.C., C/o Legal Dept., P.O. Box 112, Joliet, IL 60434 |

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

| | |
|---|---|
| Eric Ware, R-32516<br>Dixon-DIX<br>P.O. Box 1200<br>Dixon, IL 61021 | Number of process to be served with this Form - 285 : **1** |
| | Number of parties to be served in this case : **6** |
| | Check for service on U.S.A. : |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):
Fold                                                                                                   Fold

**F I L E D**
7-28-2008
JUL 28 2008  YM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

| Signature of Attorney or other Originator requesting service on behalf of: | ☒ PLAINTIFF<br>☐ DEFENDANT | TELEPHONE NUMBER | DATE<br>06-27-08 |
|---|---|---|---|

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process<br>3 of 6 | District of Origin<br>No. 24 | District to Serve<br>No. 24 | Signature of Authorized USMS Deputy or Clerk | TD | Date<br>06-27-08 |
|---|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☒ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below)

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above)<br>Received letter from Stateville C.C. Lt. McCosky is not an employee of Stateville CC | Date of Service  Time  am / pm<br>7-9-8<br>Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| 0 | 0 | 0 | 0 | 0 | 0 | |

REMARKS: Mailed Certified Mail 7007 0710 0000 4546 2105

PRIOR EDITIONS MAY BE USED

**1. CLERK OF THE COURT**

FORM USM-285 (Rev. 12/15/80)



**Illinois**
Department of
**Corrections**

**Rod R. Blagojevich**
Governor

**Roger E. Walker Jr.**
Director

DOC Legal Services / Stateville Correctional Center / Rt. 53  / P.O. Box 112 / Joliet , IL 60434 / Telephone: (815) 727-3623
Fax: (815) 727-3669
TDD: (800) 526-0844

July 9, 2008

Tomar Dicosta, Civil Desk
U.S. Marshal's Service
2444 Dirksen Federal Building
219 South Dearborn Street
Chicago, Illinois  60604

**VIA FAX 312-886-0802**

RE:     Ware v McCann, et al
        08 c 2788

Dear Ms. Dicosta:

        In accordance with the above-captioned civil action, please be advised the following individual is not a Stateville Correctional Center employee.   The last known address for this employee can not be provided since we do not have any record of this individual being an employee with Stateville Correctional Center.

        Please feel free to contact me if you have any questions or need further information regarding this matter.

                                Sincerely,

                                Kathy Sandlin

                                Kathy Sandlin
                                Litigation Coordinator
                                DOC Legal Services-Stateville Correctional Center

        File
        cc:

Form AO-399 (Rev. 05/00)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
(DISTRICT)

## Waiver of Service of Summons

TO: Eric Ware
<u>(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)</u>

I, Lieutenant McCosky _____ acknowledge receipt of your request that I waive
(DEFENDANT NAME)

service of summons in the action of Eric Ware vs. McCann, et al. _____
(CAPTION OF ACTION)

which is case number 08C2788 _____ in the United States District Court for the
(DOCKET NUMBER)

Northern District of Illinois _____.
(DISTRICT)

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after June 27, 2008 _____
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.


_____        _____
DATE                           SIGNATURE


Printed/Typed Name: _____


As _____  of _____
TITLE                        CORPORATE DEFENDANT


### Duty to Avoid Unnecessary Costs of Service of Summons

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown to its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

AO 440 (REV. 10/93) Summons in a Civil Action

# United States District Court
### Northern District of Illinois

### SUMMONS IN A CIVIL ACTION

Ware

vs.

McCann et al

**CASE NUMBER**: 08-cv-2788

**JUDGE**: St. Eve

**TO:**   Lieutenant McCosky

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon plaintiff's attorney:

| | |
|---|---|
| Name | Eric Ware |
| Address | R-32516 |
| | Dixon - DIX |
| | P.O. Box 1200 |
| | Dixon, IL 61021 |

an answer to the complaint which is herewith served upon you, within **[20]** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael W. Dobbins, Clerk

By: Kinielle Johnson
Deputy Clerk

Dated: 6/25/08

RECEIVED
UNITED STATES MARSHAL
2008 JUN 27  PM 12: 54
NORTHERN DIST. OF IL.
ADMINISTRATIVE SECTION

## RETURN OF SERVICE

| Service of the Summons and Complaint was made by me:^ | DATE |
|---|---|
| NAME OF SERVER (Print) | TITLE |

*Check one box below to indicate appropriate method of service:*

[ ]   Served personally upon the defendant.  Place where served:_____

_____

[ ]   Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.  Name of person with whom the summons and complaint were left:

_____

[ ]   Returned unexecuted:_____

[ ]   Other (specify): _____

_____

_____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____      _____
                    Date                                Signature of Server

_____
Address of Server

^As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

Order Form (01/2005)

## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 08 C 2788 | DATE | 6/24/2008 |
| CASE TITLE | Ware vs. McCann et al. | | |

DOCKET ENTRY TEXT

Plaintiff's motion for reconsideration [12] and motion for leave to proceed *in forma pauperis* [10] are granted. Plaintiff is granted leave to file his amended complaint [6]. The initial partial filing fee is waived. The Court orders the trust fund officer at Plaintiff's current place of incarceration to collect monthly payments from Plaintiff's trust fund account in accordance with this order. The Clerk shall issue summonses and send a copy of this order to the trust fund officer at Stateville Correctional Center. The Clerk shall also send Plaintiff a Magistrate Judge Consent Form, Instructions for Submitting Documents, and a copy of this order. Plaintiff's motion for a preliminary injunction [7], motion to supplement complaint [8], motion for habeas corpus ad testificandum [ 9], and motion for appointment of counsel [11] are denied. Status hearing set for 8/7/08 at 8:30 a.m.

■[ For further details see text below.]

Docketing to mail notices.

---

## STATEMENT

### BACKGROUND

On May 21, 2008, the Court directed Plaintiff to pay the $350 filing fee within 30 days because at least three of Plaintiff's previous actions had been dismissed in this district on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See, e.g., Ware v. Bank One,* No. 07 C 3964, dismissed by Minute Order of July 25, 2007 (Kocoras, J.); *Ware v. Chicago Police Dept.,* No. 07 C 6645, dismissed by Minute Order of March 5, 2008 (Holderman, J.) (assessing two "strikes" in one case pursuant to *George v. Smith,* 507 F.3d 605, 607-08 (7th Cir. 2007)).

Plaintiff has filed a motion for reconsideration, among other motions, claiming that he is in imminent danger of serious physical injury and therefore should be allowed to proceed *in forma pauperis.* In his complaint, which Plaintiff filed while he was incarcerated at Dixon Correctional Center, he claimed that he arrived at Stateville Correctional Center on April 30, 2008, and suffers from hypertension, stomach ulcers, sinus conditions, and skin disorders. At a settlement conference in another matter, Defendants McCann and Wexford Health Resources agreed that when Plaintiff was at Stateville on a writ, he would receive his medications. Plaintiff, however, did not receive any medications until May 5, 2008, and those were incomplete. When Plaintiff returned from court on May 8, he was ill, yet Defendant Bedwell refused to take him for medical care and told him that if he complained, he would be sent to segregation. He alleges that Defendant Heather refused to give him his clonadine for his hypertension on May 9, 2008. Moreover, Plaintiff claims that he is housed in unsanitary conditions while at Stateville, the law library is inadequate, and he is deprived of religious services. He was transferred from Stateville to Dixon on May 14, 2008. Plaintiff is scheduled to be transferred back to Stateville on June 11, 2008, for a court date on June 19, 2008. He claims he may again be subjected to deprivation of his medications.

| | A TRUE COPY - ATTEST MICHAEL W. DOBBINS, CLERK | Courtroom Deputy Initials: | KF |
|---|---|---|---|
| 08C2788 Ware vs. McCann et al. | BY _____ DEPUTY CLERK U.S. DISTRICT COURT, N DISTRICT OF ILLINOIS DATE: __6/25/08__ | | Page 1 of 4 |

## ANALYSIS

### I.   In Forma Pauperis Request

First, Plaintiff has filed a motion for reconsideration claiming that he is in imminent danger of serious physical injury, and therefore, should be allowed to proceed *in forma pauperis* despite the three strikes he has already accumulated. *See* 28 U.S.C. § 1915(g). As the Seventh Circuit instructs:

> In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003).

*Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). The *Ciarpaglini* decision further states:

> Courts also deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous. *See, e.g., Heimermann v. Litscher*, 337 F.3d at 782 (contesting one's conviction and complaining of inadequate protection 2 years previously is not imminent danger); *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (working in inclement weather twice is not imminent danger); *White v. Colorado*, 157 F.3d 1226, 1231 (10th Cir. 1998) ("vague and conclusory" assertions of withheld medical treatment when prisoner was seen over 100 times by physician is not imminent danger).

*Id.* at 330-31.

In the instant case, Plaintiff claims that each time he is transferred to Stateville Correctional Center on a court writ, he is denied his medications and subjected to other constitutional deprivations. Such a claim is akin to a continuing violation. *See Heard v. Sheahan*, 253 F.3d 316, 318 (7th Cir. 2001) (series of wrongful acts creates series of claims for limitations purposes). The Court accordingly will grant Plaintiff's motion for reconsideration and allow him to proceed *in forma pauperis* on his amended complaint, which he submitted when he filed his motion for reconsideration.

According to the statement submitted with his *in forma pauperis* application, Plaintiff owes the institution $353.02 and has neither available funds nor means to pay the initial partial filing fee required by 28 U.S.C. § 1915(b)(1). As 28 U.S.C. § 1915(b)(4) requires that a prisoner not be prohibited from bringing suit because of inability to pay, the initial partial filing fee is waived. The trust fund officer at the correctional facility where Plaintiff is confined is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the prisoner correspondent. In addition, Plaintiff must send an exact copy of any filing to defendants or, if represented by counsel, to counsel for defendants. Plaintiff must include on the original filing a certificate of

CONTINUED

service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

## II.    Motion for Preliminary Injunction

Plaintiff has also filed a motion for a preliminary injunction alleging that when he is transferred to Stateville in June 2008, he will be exposed to the same conditions as he was during the period of April 30 through May 14, 2008. A party seeking a preliminary injunction must demonstrate: (1) the likelihood of success on the merits; (2) no adequate remedy at law; (3) irreparable harm if the injunction is not granted; (4) the irreparable harm the moving party will suffer outweighs the harm the non-moving party will suffer; and (5) the preliminary injunction will not harm the public interest. *See St. John's United Church of Christ v. City of Chicago,* 502 F.3d 616, 625 (7th Cir. 2007).

Under the last factor, when an inmate seeks injunctive relief against prison officials and administrators, the public interest in the safe and orderly management of prisons is substantial. *See Buck v. Briley,* No. 01 C 1153, 2001 WL 619523, at *2 (N.D. Ill. May 23, 2001); *cf. Westefer v. Snyder,* 422 F.3d 570, 588 (7th Cir. 2005) (citation omitted). Although federal courts must recognize prisoners' valid constitutional claims, courts must give deference to prison officials in the management of correctional facilities. *See Buck,* 2001 WL 619523, at *2 (citing *Turner v. Safley,* 482 U.S. 78, 84-85, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987)). Because of the public interests at stake, the Court denies Plaintiff's request for a preliminary injunction. *See Sherman v. Lane,* No. 92 C 2192, 1998 WL 111649, at *10 (N.D. Ill. Mar. 9, 1998) (citing *Godinez v. Lane,* 733 F.2d 1250, 1261-62 (7th Cir. 1984)). Whether Defendants have violated Plaintiff's constitutional rights will be resolved during the course of this litigation.

## III.   Motion to Supplement Complaint and Writ of Habeas Corpus ad Testificandum

The Court denies Plaintiff's motion to supplement the complaint as unnecessary. The information in this motion should be provided to the U.S. Marshal when Plaintiff receives the USM-285 forms from the Marshal. Also, the Court denies Plaintiff's motion for a writ of habeas corpus ad testificandum. The Court has discretion to determine when an inmate shall attend court proceedings held in connection with an action initiated by the inmate. *See Jones v. Hamelman,* 869 F.2d 1023, 1029-30 (7th Cir. 1989); *Stone v. Morris,* 546 F.2d 730, 735 (7th Cir. 1976). Plaintiff's presence in court is not necessary at this time.

## IV.    Appointment of Counsel

Finally, Plaintiff moves for appointment of counsel. Civil litigants do not have a constitutional or statutory right to counsel. *See Lewis v. Sullivan,* 279 F.3d 526, 529 (7th Cir. 2002). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed,* 381 F.3d 649, 656 (7th Cir. 2004); 28 U.S.C. § 1915(e)(1). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil,* 381 F.3d at 656 (quoting *Jackson v. County of McLean,* 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Gil,* 381 F.3d at 656.

**CONTINUED**

After considering these factors, the Court concludes that appointment of counsel is not warranted. Although Plaintiff has alleged that he has made reasonable efforts to retain private counsel, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. Also, Plaintiff's pleadings before this Court demonstrate his competence to proceed with the case. *See Pruitt v. Mote*, 503 F.3d 647, 654-56 (7th Cir. 2007); *Gil*, 381 F.3d at 656. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.

**FILED**    KJ

**JUNE 24, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

*MHN*

**RECEIVED**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

MAY 27 2008 *aew*

| | |
|---|---|
| ERIC WARE R-32516, | ) |
| | ) |
| v.         PLAINTIFF | ) No. 08 C 2788 |
| | ) |
| ROGER E. WALKER JR., | ) HON. AMY J. ST. EVE. |
| TERRY L. McCANN, | ) JUDGE PRESIDING |
| C/O BEDWELL, | ) |
| LIEUTENANT McCOSKY, | ) |
| WEXFORD HEALTH RESOURCES, and | ) |
| NURSE HEATHER, | ) |
| | ) |
| DEFENDANTS | ) |

## AMENDED COMPLAINT

Plaintiff Eric Ware, for his Amended Complaint, states as follows:

### PARTIES

1. The Plaintiff is an inmate under the custody of the Illinois Department of Corrections. He currently resides at the Dixon Correctional Center, in Dixon, Il. At all times relevant to this action he resided at the Stateville Correctional Center.

2. Defendant Roger E. Walker Jr. is the Director of the Illinois Department of Corrections. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

3. Defendant McCann is the Warden at the Stateville Correctional Center. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

4. Defendant C/O Bedwell is an officer at the Stateville Correctional Center. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

1.

5. Defendant McCosky is a lieutenant at the Stateville Correctional Center. He is being sued in his individual capacity for damages and in his official capacity for injunctive relief.

6. Wexford Health Resources is a corporation incorporated under the laws of Pennsylvania with its principle place of business in Illinois.

7. Defendant Heather is a nurse works in the Northern Reception Center at the Stateville Correctional Center. She is being sued in her individual capacity for damages and in her official capacity for injunctive releif.

### JURISDICTION AND VENUE

8. This action arises under 42 U.S.C. § 1983 to redress the deprivation under color of state law of rights, privileges and immunities secured by the constitution of the United States. The rights sought to be redressed are guaranteed by the First, Eighth, and Fourteenth Amendments to the United States Constitution. The court has Federal Question Jurisdiction over this controversy under 28 U.S.C. §§§§ 1331, 1343, 1367, and 1332.

9. Venue is proper in the Norther District of Illinois under 28 U.S.C. 1391. The acts complained of occurred there, Plaintiff was incarcerated there at the time of the acts complained of, and all Defendants work and /or conduct business there.

### STATEMENT OF FACTS

10. The Plaintiff has appeared on several court writs to Cook County for court purposes. During these writs, the Plaintiff is compelled to reside at the Stateville Correctional Center, these writs have continued from 2006 to May 2008.

(2)

11. The Plaintiff filed a law suit against Defendants, McCann, Walker, Wexford, and others. The Plaintiff filed suit against the said Defendants because they allowed him to suffer from inadequate medical care, inadequate legal services, Religious Discrimination, deplorable cell conditions, and retaliation from staff at Stateville.

12. The Plaintiff settled with the Defendants in that cause of action, ERIC WARE V. McCANN et-al 06 C- 6455, and a portion of the settlement agreement that was held before the Honorable Magistrate Judge, Schenkier, was breached by the Defendants and Plaintiff was made to suffer from inadequate medical attention, retaliation by officials, deplorable cell conditions, none access to the courts, and religious discrimination, which was agreed that Plaintiff would not again suffer from.

13. The Plaintiff returned to Stateville on April 30, 2008 in order to make a court appearance at the Cook County Circuit Court of Illinois. Upon arrival, the Plaintiff's blood pressure was taken by a nurse. His blood pressure was 141/92. The Plaintiff then requested for medication in order to lower his pressure but was denied and told that he would probably receive his medication a week later from that date, and that she was not responsible and that Plaintiff's problem was with the Defendant, Wexford.

14. The Defendants, McCann, Walker, and Wexford, had first hand knowledge that the Plaintiff was scheduled to return to Stateville on a court writ but did nothing in order to insure him of adequate medication for his heart.

15. The Defendant McCann has again refused to allow Plaintiff adequate medical attention, cleaning supplies for his cell, access to a law library, religious services, grievances, and protection from his staff's retaliation against the Plaintiff.

(3)

16. The Plaintiff spoke with officer Fisher, a female guard at Stateville in regards to obtaining adequate medical attention and cleaning supplies for his cell. Ms. Fisher personally called health care and told staff that the Plaintiff had not received his complete heart medication on May 4, 2008 or about. A nurse appeared at Plaintiff's cell and told Plaintiff that his medication was not in yet.

17. The Plaintiff also requested for grievances from Ms. Fisher and other officers and they all stated that there wasn't any in the entire building. The Plaintiff received a portion of his medication on May 5, 2008. He received, Vasotec, a waterpill, and Zantac for his ulcer.

18. The Plaintiff suffered from nose bleeds, headaches, and chestpains due to not receiving his heart medication. His stomack was in severe pain because he did not receive his medication for his ulcer until May 5, 2008 and he had arrived at Stateville on April 30, 2008. The Plaintiff never received his medication called clonadine for his hypertension, and continued to suffer chestpains, headaches, and nose bleeds.

19. His cell was filled with dust and dirt. He was compelled to split a roll of toilet paper once a week with his cellmate and he was afforded cleaning supplies only once during his stay. He was issued only one bar of soap, similar to soap that a guest would receive at a hotel. The Plaintiff was denied all access to a law library and has missed a court deadline in the United States Court of Appeals.

20. On May 8, 2008, the Plaintiff was returning from court. He requested for medical attention from Defendant Bedwell, which was denied by Bedwell, even after the Plaintiff requested for him to report his conditions of hypertension to medical staff. The Defendant Bedwell then threatened to put Plaintiff in segregation if he continued to complain about his medical conditions.

(4)

21. Defendant McCosky was asked by the Plaintiff for medical attention and he refused to assist Plaintiff with obtaining any. While Plaintiff was returning to his cell after he was placed in a segregation holding cell and being grasped by the neck by Defendant Bedwell, the Plaintiff fell on his face in front of Bedwell and McCosky and they still refused to allow Plaintiff any subsidy in obtaining medical care..

22. While in the hallway, a bystander, named Seargent McKinny, a female, asked Defendant Bedwell what was the matter with the Plaintiff because she saw Plaintiff fall and drop his books, and Bedwell replied that Plaintiff just had a big mouth, and Plaintiff told the seargent that he had hypertension and needed medical help, and Defendant McCosky told the seargent that Plaintiff did not need any help from her, and Plaintiff requested assistance from McCosky again and he replied, [DON'T BE SUCH A PUSSY] and walked Plaintiff to his cell.

23. Defendant Heather was on 2 gallery distributing medications to other inmates on the gallery. The Plaintiff asked her to come to his cell. She came within 20 feet of the cell and stated [WHAT THE FUCK DO YOU WANT], and the Plaintiff stated that he had hypertension and had not received his medication and that he was sick, she said that that was not an emergency and that Plaintiff wasn't getting "shit", and walked away.

24. The Defendant Wexford has lost three recent contracts over the years because their health care and employees have been deliberately indifferent to the health of inmates. A contract was lost between the states of, Wyoming, New Mexico, and Florida.

(5)

25. Wexford's contract with the Illinois Department of Corrections is Deliberately indifferent to the Plaintiff's health needs and does not supply enough medication to institutions across the State of Illinois, and Defendant Walker has relevant knowledge of this.

## CAUSES OF ACTION

26. Plaintiff incorporates paragraphs 1-25 as if set forth in full.

27. By consciously disregarding Plaintiff's access to the courts, adequate medical assistance and medication, retaliation from officials, breaching a previous settlement, and dangerous living conditions, Defendants have violated and will continue to violate Plaintiff's rights under the First, Eighth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983 and Title 2 of the American with Disabilities Act.

## RELIEF REQUESTED

THEREFORE, Plaintiff Eric Ware, prays for judgment and relief including:

(A) Judgment that the Defendants have violated and will continue to violate Plaintiff's rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. § 1983, and Title 2 of the Americans with Disabilities Act.

(B) A preliminary and permanent injunction directing Defendants to provide Plaintiff with legally required access to medication and medical attention, clean living cell conditions, access to adequate law libraries, and for officials to stop retaliating against the Plaintiff, and access to grievances.

(C) Damages in the amount of $500,000 from each Defendant; and punitive damages from each Defendant in the amount of $500,000.

(D) That Defendant pay for the cost of the litigation and any other relief as this court deems proper and just.

(6)

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.


RESPECTFULLY SUBMITTED:

*Eric Wace*

ERIC WARE R-32516
DIXON CORR CTR.
2600 N. Brinton Ave.
DIXON, Il. 61021
        5/22/08


(7)